[Crim. No. 2374. First Dist., Div. One. Feb. 25, 1946.]

THE PEOPLE, Respondent, v. ROBERT ROBINSON,
Appellant.

234

J. Maxwell Peyser for Appellant.

Robert W. Kenny, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney, Bert Hirschberg and Edmund J. Dunning, Deputies District Attorney, for Respondent.

PETERS, P. J.—Robinson was found guilty by a jury of first degree robbery. From the judgment of conviction he appeals, contending that the evidence is insufficient, and that the trial judge committed prejudicial error in his comment on the evidence.

The contention that the evidence is insufficient to support a conviction of first degree robbery is clearly without merit.

On April 12, 1945, between 10 and 11 o'clock in the morning, two Negro men entered the pawn and secondhand shop operated by the complaining witness Isadore Mintz on Third Street in San Francisco. Mintz positively identified appellant as one of the two men. He testified that appellant tried on several suits; that then the two men followed him to the back of the store; that they then grabbed him and threw him to the floor; that they took over $90 from his person,

and a box of watches from the safe; that he tried to get up from the floor and one of the men, whom he identified as appellant, hit him on the head with an acetylene torch; that he put up his hand to protect himself and was struck again. He identified the other man as Booker T. Harper, who was originally a codefendant but who has since pleaded guilty to the offense charged. He also testified that he had picked both appellant and Harper from a police lineup of 15 to 18 men. Mintz was very excited as he testified, from which fact appellant implies his testimony was not to be believed. Obviously, the credibility of this witness was for the jury.

The evidence also shows that, prior to the robbery, appellant and Harper had driven to San Francisco from Los Angeles in appellant's car, and were rooming together. When Harper was arrested he was wearing one of the stolen watches, and another was found under the mattress of the bed located in the room shared by the two men. The other watches were not recovered. Harper confessed to the crime and gave the police a statement implicating Robinson as the other participant. At the trial he admitted that this statement was given freely and voluntarily, but testified that one of the arresting officers, prior to the time the statement was taken, had threatened to throw him in the bay unless he told the truth. At the trial he testified that the police statement was untrue; that he had engineered the robbery; that he and another boy (whom he did not identify) committed the robbery; that Robinson was not a participant in the robbery, did not know anything about it and received none of the proceeds. He admitted that, after the robbery, he gave Robinson some money to get a suit from a pawnshop. Robinson admitted receiving from Harper $10 in cash on the day of the robbery.

Robinson at all times has denied complicity in the offense charged. He took the stand in his own defense and testified that at the time the crime was committed he was working at a poolroom. No corroborating testimony was produced. He also stated that, after his arrest when Mintz tried to pick him out of the police lineup, Mintz picked out Harper but failed to recognize him, and only picked him out after the police told Mintz the other man was in the lineup. This testimony was contradicted by Mintz and by Inspector O'Leary. Robinson also testified that he was beaten by the police. This testimony was contradicted by O'Leary.

This summary demonstrates to a certainty that the evi-

dence is sufficient to sustain the conviction. There is no doubt that a robbery occurred. Mintz positively identified appellant as one of the robbers. ■ Harper implicated Robinson when arrested, but at the trial attempted to exonerate him. Robinson's and Harper's credibility on the one hand, and Mintz's on the other, were for the jury, and its finding on the issue cannot, and should not, be disturbed by this court.

■ It is next urged that the trial judge committed prejudicial error in his comments to the jury. It is contended that the trial judge assumed the role of an advocate and that his comment was unfair, argumentative, and prejudicial.

The instructions are relatively short, covering but seven pages of the transcript. At the very start of his instructions the trial judge told the jury that it was his duty to state the law and it was their duty ''unaided by any suggestion by me to pass upon all questions of fact''; that the court expressed no opinion about the weight of the evidence or upon the truth or falsity of any witness' testimony; that ''with all questions of fact, the weight of evidence, the credit that you should give to any witness sworn in the case, the Court has nothing to do. These are matters entirely within your province and which you, as jurors, under your oaths, must determine for yourselves.''

At the close of the instructions the judge stated that he desired to comment on the evidence, and then made the following comment:

''The evidence is uncontradicted that a brutal robbery was committed here. It is likewise uncontradicted that this robbery was committed by two men. One of these men has already pleaded guilty.

''The evidence further shows a positive identification of the defendant in this case by the complaining witness. The complaining witness further testified that he picked both defendants out of the line, unaided by anybody else.

''We likewise have the testimony of Harper here, the other defendant who has pleaded guilty.

''It is for you to determine whether or not his testimony is worthy of any credence. It is for you to determine whether or not he has made contradictory statements.''

It will be noted that after commenting on the testimony of the complaining witness on the vital issue of the identification of the appellant, the trial judge briefly referred to the testimony of Harper on that issue, and failed to mention ap-

pellant's denial of guilt, his alibi, or his description of the identification process.

There have been many cases discussing the propriety of comments of various kinds made by trial judges under the power conferred by article VI, section 19, of the Constitution. That section authorizes trial judges to make "such comment on the evidence and the testimony and credibility of any witness as in its opinion is necessary for the proper determination of the case. The court shall inform the jury in all cases that the jurors are the exclusive judges of all questions of fact submitted to them and of the credibility of the witnesses."

The right thus conferred to comment on the evidence is a most potent one. Trial judges are not required to comment, but, if they do so, they should be extremely careful to exercise the power with wisdom and restraint. The point need not be labored that the members of the jury are apt to give great weight to any hint from the judge as to his opinion on the weight of the evidence or the credibility of the witnesses, and, for that reason, care should be taken not to affect unfairly the rights of the defendant.

It will be noted that the constitutional provision above quoted by its terms imposes no restriction on the nature of the comment except that the jury must be instructed that it is the exclusive judge of fact and credibility. Nevertheless, the courts have properly held that the comment must be fair and temperate, and not argumentative or contentious to a degree that makes it characteristically an act of advocacy. (See many cases collected and commented upon 25 Cal.L.Rev. 212; 10 So.Cal.L.Rev. 50.)

 While appellant argues that this comment falls within the prohibited sphere above defined, the only real criticism of the comment is not that it is contentious, but that it failed to summarize all of the relevant evidence on the issue upon which comment was made. There is some indication in a few of the federal cases that if the judge undertakes a statement of the evidence on an issue, he must fairly summarize all of the evidence produced by both sides on that issue. (*Hunter* v. *United States,* 62 F.2d 217; *O'Shaughnessy* v. *United States,* 17 F.2d 225; *Palno* v. *United States,* 58 F.2d 111; see annotations 95 A.L.R. 785, 795; 113 A.L.R. 1308.) In *People* v. *Talkington,* 8 Cal.App.2d 75 [47 P.2d 368], a reversal was ordered because of an improper comment. In discussing the comment there involved the court ·(p. 95) did

emphasize that not a word of appellant's testimony was referred to in the comment, and the court did state that this indicated a lack of impartiality. However, where the point has been directly involved the Supreme Court has clearly indicated that the true test to be applied is not the artificial one that all the evidence on the issue must be summarized, but that the comment must avoid the realm of advocacy. Thus in *People* v. *Ottey,* 5 Cal.2d 714, 728 [56 P.2d 193], it is stated: "There is no merit to the contention that the court, if it venture to comment on the evidence or the testimony of witnesses or of any witness, must sum up all the evidence and the testimony both favorable and unfavorable. There is no such injunction, express or implied, in the language of the Constitution, and none that would compel it under established rules in other jurisdictions. The provision in the Constitution expressly permits the court to 'make *such* comment on the evidence and the testimony and credibility of any witness *as in its opinion is necessary for the proper determination of the case.'* The court may therefore exercise its own discretion in respect to what comment it will make, so long as it does not withdraw any material evidence from the consideration of the jury . . . and does not attempt to control the verdict by a direction. (*State* v. *Fuersten,* 103 N.J.L. 383 [135 A. 894] and cases hereinabove cited.) . . . The trial court, under the operation of the section, is therefore the best judge of the extent of its comment and should thus be free to exercise the power in accordance with its own discretion as to how the end should best be accomplished, so long as it does not usurp the exclusive function of the jury to decide the facts and the credibility of the witnesses. [Citing 10 cases.] The foregoing conclusion and the cases cited indicate that comments argumentative in form are not objectionable . . . so long as they are not calculated to and do not effect what the court may not do directly, viz., direct a verdict. The so-called 'argument' of the court in this case did not partake of the nature of partisan advocacy. . . ."

In *People* v. *Dail,* 22 Cal.2d 642, 657 [140 P.2d 838], the court, after referring to the argumentative and partisan comment there made by the trial court, stated: "While a trial court is not necessarily required to comment on all of the evidence, nevertheless its comment should be 'temperately and fairly made. . . . Trial courts should be cautious in the exercise of this power [of comment] with a view to pro-

tecting the rights of defendants.' (*People* v. *De Moss,* 4 Cal. 2d 469, 477 [50 P.2d 1031].) In the present case, however, the quoted comments standing alone would not require a reversal. . . .''

In the instant case the comment is not comparable to the intemperate remarks of the trial judge in *People* v. *Patubo,* 9 Cal.2d 537, 541 [71 P.2d 270, 113 A.L.R. 1303], where the comment was held to be reversible error. In that case the trial judge, among other things, told the jury that in his judgment the evidence showed that it was the intention of the defendant to kill the deceased. That ''I don't know why, but it was his intention to kill Big Boy in that pool hall that night''; that ''you can see [from] this man's manner of testifying in the courtroom'' that he ''had that hangdog look of a guilty man. . . . If ever a man by his appearance and his manner of giving testimony has shown himself to be a willful, deliberate and outright perjurer as to material facts in a case, the defendant in this case has been it.'' After ridiculing the evidence on self-defense the court stated (p. 542) : ''In the opinion of the Court this man is guilty of first degree murder and the extent of the punishment he is to receive in this matter is a question for the jury.''

Nor is the comment in the present case comparable with that in *People* v. *Talkington,* 8 Cal.App.2d 75 [47 P.2d 368]. In that case the jury returned to the jury room and told the judge an agreement could not be reached. The court ascertained that the jury was divided 9 to 3. The court sent them back for further consideration. A short time later the jury returned and told the judge that no agreement had been reached. The judge then asked if the members of the jury had all agreed as to the guilt of the defendant and were merely in disagreement as to the degree. The foreman then told the judge that three were for not guilty. The judge then stated (p. 80) : ''I have tried a great many cases in this court, and now I have the right to say to you what I believe in reference to the evidence in this case . . . you heard the argument of the District Attorney. I believe I agree with him almost absolutely . . . I cannot see how anyone can, after hearing this evidence, can raise a very strong argument, or make an argument in defense, that is, to the extent that there is no crime committed here. To me, it appears impossible that these gunshot wounds could have been inflicted

as the defendant contends. . . . Now, all of those things lead very strongly that she deliberately committed this act. . . . this is as clear as any case tried in this courtroom.'' This, together with other independent errors, was held to be prejudicial.

Appellant places great stress on certain language in the dissenting opinion of Justice Edmonds in *People* v. *O'Donnell,* 11 Cal.2d 666, 671 [81 P.2d 939]. In that case the trial judge engaged in a course of conduct throughout the trial that indicated his opinion that defendant was guilty. The dissent was directed to that conduct. No such conduct here appears.

■ When the comment here involved is tested by these standards it cannot be held to have violated appellant's right to a fair trial. In the first sentence of the challenged comment the judge stated that it was uncontradicted that a ''brutal robbery'' had been committed. While the word ''brutal'' might be subject to criticism, it could not have prejudiced appellant, because the uncontradicted evidence did show that a robbery had been committed and that the complaining witness had been handled very roughly. ■ The only issue in this case was whether appellant was one of the two robbers. The court commented on the fact that the complaining witness positively identified the accused and picked him out of a police lineup. The record so shows. The only criticism that can be made is that no reference was made to appellant's testimony on that issue. As already held, that alone cannot constitute prejudicial error.

The judgment appealed from is affirmed.

Ward, J., and Schottky, J. pro tem., concurred.